1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARK EVAN GRANGETTO, by and through his Guardian Ad Litem, Nora Weber, | ) ) ) | 1:07cv0438 LJO DLB |
| | ) ) | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND |
| Plaintiff, | ) ) | |
| v. | ) ) | (Document 7) |
| CAL TERHUNE, et al., | ) ) ) | |
| | ) ) | |
| Defendants. | ) ) | |

On October 2, 2008,  Defendants Cal Terhune, Darrel G. Adams and David J. Kyle ("Defendants") filed the instant Motion to Dismiss the Complaint.  The matter was heard on December 12, 2008, before the Honorable Dennis L. Beck, United States Magistrate Judge. Cindy Cannon appeared on behalf of Plaintiff.  James Flynn appeared on behalf of Defendants.

### BACKGROUND

Plaintiff Mark Grangetto, by and through his Guardian Ad Litem Nora Weber ("Plaintiff"), filed the instant civil rights action in the Kings County Superior Court on March 1, 2007.  The action was removed to this Court March 20, 2007.

On September 2, 2008, the Court issued an order directing Defendants to respond to the Complaint within thirty days.

1

1   Defendants filed the instant Motion to Dismiss the Complaint on October 2, 2008, on the

2   grounds that (1) there has been no motion for appointment of a guardian ad litem; (2) there is no

3   basis for supervisory liability against Defendants Terhune and Adams; and (3) the claims based

4   on an improper denial of good-time credits and denial of parole are not proper.

5   Plaintiff filed a petition for appointment of a guardian ad litem on October 19, 2008.  The

6   Court granted the petition by separate order, thereby mooting Defendants' related arguments in

7   support of their motion to dismiss.  On December 5, 2008, Plaintiff filed an opposition, along

8   with a proposed First Amended Complaint ("FAC").[1]

9   **FACTUAL ALLEGATIONS**

10   According to the Complaint, Plaintiff is a medically disabled and mentally incompetent

11   adult male currently incarcerated in Corcoran State Prison.  He alleges that Defendant Terhune,

12   the Director of the California Department of Corrections and Rehabilitation ("CDCR"), is

13   primarily responsible for the CDCR's compliance with the Constitution and delivery of medical

14   care.  He alleges that Defendant Adams, as the warden at Corcoran and CSATF at all times

15   relevant, was responsible for promoting and implementing custody policies, and either

16   promulgated or otherwise allowed custody policies to persist during the time that Plaintiff's

17   medical needs were disregarded and he was forced antipsychotic medications, with the intent that

18   it would exacerbate his illness and cause his demise.  Defendant Kyle was the Chief Medical

19   Officer at CSATF, and was responsible for the physicians who treated Plaintiff.  Defendant Kyle

20   also directly treated Plaintiff.

21   Plaintiff is a 42 year old, wheelchair-bound male who suffers from diabetes, hepatitis C,

22   chronic liver function failure, as well as other ailments.  He alleges that he is not psychotic and

23   has never been diagnosed with a condition to warrant the administration of antipsychotic

24   medications.

25

26

27   [1]  The analysis of the motion to dismiss focuses on the original Complaint, which is the only complaint on

28   file.  When necessary, the Court will also discuss the proposed FAC and the problems therein.  Plaintiff should
attempt to rectify the noted issues with the FAC when he files an amended compliant in response to this order.

He alleges that after April 2004, under the direction of Defendant Kyle, he was forcefully administered antipsychotic medications, but not given insulin, which exacerbated his diabetes. Because of the forced administration of medication in 2004 and 2005 at CSATF under the direction of Defendant Kyle and pursuant to the custody policies of Defendant Adams, Plaintiff was rendered incompetent to defend against false rules violations reports that resulted in his confinement in Administrative Segregation and the Secured Housing Unit at Corcoran and CSATF in 2004, 2005 and 2006.  He alleges that the forced administration of antipsychotic medication until he would "voluntarily accept" the addictive medications was without informed consent or court order.  He further alleges that his medical needs were disregarded because he was not provided a wheelchair or medical attention for serious, life-threatening medical conditions.

In the First Cause of Action for Violation of the Eighth Amendment, Plaintiff alleges that Defendants allowed his illnesses, including his diabetes and chronic liver function failure, to deteriorate intentionally by the forced administration of the antipsychotic medication, so that his medical conditions became a condition of his confinement in violation of the Eighth Amendment.  He further alleges that the medication caused brain damage and rendered him unable to defend against his rule violations, which resulted in punitive housing, in violation of the Eighth Amendment.

In the Second Cause of Action for Violation of the Eighth Amendment, he alleges that as a result of the illegal administration of antipsychotic medication for 34 months, he was denied necessary medical care mandated by statute for the administration of such medication.  As part of this cause of action, he also alleges that he has no adequate remedy at law to recalculate his good-time credits and force another parole hearing.

Plaintiff seeks injunctive relief to (1) stop the administration of the medication, and (2) recalculate his good-time credits, force another parole hearing and allow him to defend his rule violations.  He also seeks economic, general and punitive damages.

1

**DISCUSSION**

2     In considering a motion to dismiss for failure to state a claim, the court must accept as

3 true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees,

4 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing

5 the motion, and resolve all doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411,

6 421, reh'g denied, 396 U.S. 869 (1969).  Pro se pleadings are held to a less stringent standard

7 than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  A motion to dismiss

8 for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can

9 prove no set of facts in support of the claim that would entitle him to relief.  See Hishon v. King

10 & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see

11 also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

12

**ANALYSIS**

13     Defendants' motion is based on two arguments: (1) Defendants Terhune and Adams

14 should be dismissed because Plaintiff failed to allege a causal connection between them and the

15 alleged constitutional violations, other than their supervisory roles; and (2) to the extent Plaintiff

16 requests recalculation of his good time credits and/or another parole hearing, the proper remedy

17 is a habeas petition.

18 A    Defendants Terhune and Adams

19     Supervisory personnel are generally not liable under section 1983 for the actions of their

20 employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a

21 supervisorial position, the causal link between him and the claimed constitutional violation must

22 be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.

23 Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To show a *prima*

24 *facie* case of supervisory liability, Plaintiff must allege facts indicating that supervisory

25 Defendants either: personally participated in the alleged deprivation of constitutional rights;

26 knew of the violations and failed to act to prevent them; or promulgated or "implemented a

27 policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the

28 moving force of the constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir.

1989)(internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although

federal pleading standards are broad, some facts must be alleged to support claims under section

1983.  See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

 The Complaint fails to provide the required link between Defendants Terhune and Adams

and the alleged constitutional violation.  Although Plaintiff alleges that Terhune and Adams are

responsible in some way for the policies at issue, their participation does not rise to the level

necessary to overcome the bar on supervisory liability.  Defendants' motion to dismiss is

GRANTED on this issue.

 The proposed FAC contains no factual allegations against Defendant Terhune and

therefore appears to moot this argument insofar as it relates to him.  As to Defendant Adams, the

proposed FAC attempts to strengthen the link between Adams and the alleged Eighth

Amendment claim.  It restates the allegations in the Complaint that Adams was responsible for

promoting and implementing the policies "whereby the conditions of confinement and the

delivery of medical care to disabled inmates such as plaintiff violated the Eighth Amendment to

the United States Constitution."  Complaint, at 2-3; FAC, at 2.  It also repeats the allegation that

Adams "either promulgated or otherwise allowed custody policies to persist at the relevant

times" when Plaintiff's medical needs were disregarded and he was allegedly involuntarily

medicated, "with the intent that the same would exacerbate his illnesses and cause his demise."

Complaint, at 3; FAC at 2-3.  The proposed FAC adds the following allegations:

  Plaintiff alleges that Adams had personal knowledge of the matters alleged and
was responsible for the policies that, inter alia, allowed defendants to confine plaintiff to
the Segregated Housing Unit ("SHU") after forcefully injecting plaintiff with
antipsychotic medications, and while plaintiff was suffering from life-threatening
complications of Diabetes Mellitus and Hepatic disease.  Plaintiff alleges that Adams
knew and understood that the supervision of patients administered medications pursuant
to *Keyhea* rules would not and could not be accomplished for plaintiff in the SHU and
nonetheless applied pressure on medical staff to clear plaintiff for SHU confinement
notwithstanding *Keyhea* restrictions and plaintiff's other health conditions.

FAC, at 3.

 Although Plaintiff attempts to add allegations against Defendant Adams, the vague and

imprecise term "pressure" prevents the Court from determining whether Plaintiff has overcome

the ban on supervisory liability and whether the allegations are sufficient to state an Eighth

1  Amendment claim.  In preparing an amended complaint, Plaintiff should be guided by the above

2  requirements for supervisory liability, as well as the standards for an Eighth Amendment claim.

3  To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

4  conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman,

5  452 U.S. 337, 347 (1981).  A prisoner's claim of inadequate medical care does not rise to the

6  level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of

7  the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with

8  deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004)

9  (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison

10  official does not act in a deliberately indifferent manner unless the official "knows of and

11  disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834

12  (1994).  Deliberate indifference may be manifested "when prison officials deny, delay or

13  intentionally interfere with medical treatment," or in the manner "in which prison physicians

14  provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on

15  other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

16  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to

17  further harm in order for the prisoner to make a claim of deliberate  indifference to serious

18  medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison

19  Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

20  B.      Good-Time Credit Allegations

21  _____Where "success in a . . . [section] 1983 damages action would implicitly question the

22  validity of conviction or duration of sentence, the litigant must first achieve favorable

23  termination of his available state, or federal habeas, opportunities to challenge the underlying

24  conviction or sentence." Muhammad v. Close, 540 U.S. 749, 751 (2004) (citing to Heck v.

25  Humphrey, 512 U.S. 477 (1994)); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying Heck

26  to a prison disciplinary hearing where good-time credits were affected).

27       Defendants are correct, then, in arguing that any allegations relating to the loss of good-

28  time credits and denial of parole, and related injunctive relief and damages, are barred under

1  these circumstances.  Because the outcome of the parole hearing and denial of good-time credits

2  affects the duration of Plaintiff's sentence, his claims are barred until such time as he invalidates

3  the results of parole hearing.  Defendants' motion to dismiss is GRANTED on this issue.

4          Insofar as Plaintiff submits the FAC in an attempt to cure this deficiency, it does not fully

5  do so.  Although the FAC does not include a prayer for injunctive relief relating to the good-time

6  credits and parole hearing, the claims remain in the allegations.  FAC, at 7.  Given that Plaintiff

7  requests non-specific damages, the good-time credit allegations remain, at least theoretically, at

8  issue.  Any amended complaint must completely delete any reference to good-time credits and

9  Plaintiff's parole hearing.

10 C.     Conclusion

11         For the reasons discussed above, Defendants' motion to dismiss is GRANTED WITH

12 LEAVE TO AMEND.  Plaintiff shall filed an amended complaint within thirty (30) days of the

13 date of service of this order.  Plaintiff is reminded that an amended complaint supercedes the

14 original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v.

15 Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to

16 the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of

17 action alleged in an original complaint which are not alleged in an amended complaint are

18 waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th

19 Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

20

21      IT IS SO ORDERED.

22  **Dated:   December 30, 2008**              **/s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28